**LI QIN ZHU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE,**
Attorney General & Immigration,
Respondents.

No. 04–5990–ag.

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

---

Lin Qin Zhu, Pro Se, Brooklyn, NY, for Petitioner.

Rodger A. Heaton, United States Attorney for the Central District of Illinois, Hilary W. Frooman, Assistant United States Attorney, Fairview Heights, IL, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Li Qin Zhu, *pro se,* a native and citizen of the People's Republic of China, seeks review of an October 19, 2004 order of the BIA denying her motion to reopen her removal proceedings. *In re Li Qin Zhu,* No. A78 216 471 (B.I.A. Oct. 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA denies a motion to reopen or reconsider, we review the BIA's decision for an abuse of discretion. *See*

*Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As an initial matter, because Zhu did not specify any errors of law or fact in the BIA's previous decision denying her first motion as required by 8 C.F.R. § 1003.2(b), the BIA did not abuse its discretion when it denied her motion to reconsider, to the extent that the BIA construed it as such.

An asylum applicant may file only one motion to reopen her case, and she must do so within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, these time and numerical limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). While Zhu filed her motion to reopen alleging changed country conditions in China, she claims a well-founded fear of persecution based on the birth 1 of her two U.S. citizen children.

The BIA denied Zhu's motion to reopen, finding that it was "barred by numerical limitations." In denying Zhu's motion, the BIA failed to consider the

letter from the Villagers Committee of Le Village in Fuzhou, and may have abused its discretion. The BIA should have considered the "record as a whole," and should not have denied her motion to reopen without addressing all the factors relevant to her claim, including the letter. *Ke Zhen Zhao,* 265 F.3d at 97. Moreover, the letter seems to provide direct support for Zhu's assertions of a well-founded fear based on the birth of her U.S. citizen children, since it: (1) was purportedly issued by village authorities in Fuzhou; (2) demonstrates knowledge by the Villagers Committee of the birth of Zhu's two children, in violation of family planning laws; *and* (3) consequently summoned her to the town family planning office for sterilization. Consequently, the BIA should have considered the letter's relevance to Zhu's well-founded fear claim. However, Zhu, proceeding *pro se,* failed to raise this argument in her brief to this Court. Normally, this failure would preclude review of this claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005). Nevertheless, we do not treat petitioner's claims as precluded in light of other recent remanded cases where the petitioner's claimed a well-founded fear of persecution based on the births of two children in the United States found support in certain documents that could establish the existence of an official policy of forced sterilization in Fujian, Zhu's home province. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006); *see also Tian Ming Lin v. U.S. Dep't of Justice,* 473 F.3d 48, 55 (2d Cir.2007) (remanding for further consideration of the *Shou Yung Guo* documents), and *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110–11 (2d Cir.2006) (taking cognizance of the *Shou Yung Guo* documents despite petitioner not bringing them to the Court's attention and remanding to the BIA to consider the documents). We further stated that the petitioner in *Jin Xiu Chen* had not brought the documents to the BIA's attention, but noted that she had attached at least some of the documents initially considered in *Shou Yung Guo* to her motion to reopen. 468 F.3d at 111. Here, Zhu did not attach any of the documents discussed in *Shou Yung Guo* or *Jin Xiu Chen.* Nevertheless, because in *Jin Xiu Chen* we "took cognizance" of documents the petitioner never submitted, we do the same here. *Id.* On remand, the agency should consider these documents, as well as those unique to the petitioner in evaluating her claim.

For the foregoing reasons, the petition for review is GRANTED. The BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with his order. Petitioner's motion for stay of removal is GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).